```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF ALABAMA
                           SOUTHERN DIVISION
```

PEMCO AEROPLEX, INC., )
)
    Plaintiff, )
)
v. )
) CIVIL ACTION NO.
U.S. DEPARTMENT OF LABOR, )
) 01-AR-1421-S
    Defendant. )
)

FILED 01 DEC 11 AM 10:18 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED DEC 11 2001

### MEMORANDUM OPINION

    Before the court are cross motions for summary judgment by defendant, United States Department of Labor ("DOL") and plaintiff, Pemco Aeroplex, Inc. ("Pemco"). Both Pemco and DOL "anticipate that all issues can be resolved on motions for summary judgment." Report of Parties' Planning Meeting at 1. This anticipation was sound for the reasons that follow. With one exception, the court will grant DOL's motion for summary judgment and will deny Pemco's motion for summary judgment.

### Undisputed Facts

    Pemco modifies and overhauls aircraft, mostly for the United States military, has more than fifteen employees and does more than fifty thousand dollars in business with the United States Government. Therefore, its employment actions are subject to investigation by the Office of Federal Contract Compliance



("OFCCP").  During such an investigation conducted in September 1999, twenty-six Pemco employees completed a race discrimination questionnaire.  The OFCCP cited Pemco for violations relating to equal pay and Pemco's affirmative action plan.  Approximately two weeks later, the E.E.O.C. issued a letter of determination citing Pemco for other violations.  In order to bolster its defense against a discrimination action filed in this court by Pemco employees, Pemco asked for copies, and received redacted copies, of these employee questionnaires.  The request was made under the Freedom of Information Act, ("FOIA").  The documents had been redacted by eliminating the names and other information that could identify the questioned employees.  DOL relied on the exemptions under 5 U.S.C. § 552(b)(7)(C), ("7(C)"), which safeguards the privacy of informants and 5 U.S.C. § 552(b)(7)(D), ("7(D)"), which safeguards the identity of informants.  Because it wants the names and identifying information, Pemco has prayed that this court compel the DOL to release the documents in there virginal form.

### Discussion

The validity of DOL's retention of the identifying information stands or falls on the applicability of the 7(C) and 7(D) exemptions to the withheld information.  Because all redactions rely on 7(C), if the 7(C) exemption is valid, then all

2

redactions are appropriate, and this court need not consider the validity of the 7(D) redactions. If, however, the claim of a 7(C) exemption is found wanting, the court must examine the validity of the 7(D) exemption.

According to the language of the exemption, the FOIA "does not apply to matters that are records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). When considering the applicability of a 7(C) exemption, "the district court must balance the individual's privacy interest against the public interest in disclosure." *L & C Marine Transport, LTD. v. Department of Labor*, 740 F. 2d 919, 922 (11th Cir. 1984). It is on this balancing task that this court now embarks.

There is no privacy interest in knowing whether or not a particular person works for Pemco. Anyone who wanted to find out if a particular person worked for Pemco would only need to follow him to work, or stand outside the entrance. The private information, then, is that an employee was asked to complete a questionnaire, completed the questionnaire, and expressed his or her opinion on the level of discrimination at Pemco. In the case at bar, such questioning does not carry with it the stigma sometimes associated with involvement in legal enforcement

3

proceedings.  This is not a case where the Government is looking for terrorists.  No threat of black-listing hangs over anyone's head.  For example, no reasonable person could, after learning that a particular person completed a questionnaire, conclude that the questionee is a racist or sexist.  The questionees are more like witnesses to an automobile accident and are as unlikely to be tarred by the taint of this investigation as a witness to a head-on collision is to be accused of being a bad driver.  The privacy interest at issue is the interest in preventing others from knowing that the questionee complied with a request to rate the level of workplace discrimination.  This court finds as a matter of law that, though extant, this interest is small.

This small interest is balanced against the public interest.  The "FOIA's central purpose is to ensure that the Government's activities be opened to the sharp eye of public scrutiny, not that the information about private citizens that happens to be in the warehouse of the Government be so disclosed." *U. S. Dept. of Justice v. Reporter's Committee*, 489 U.S. 749, 774 (1989).  If a private litigant seeking only to aid his cause, like Pemco, requests information that would tend to ensure that the Government's activities are open to scrutiny, then the request should be granted.  The type of information sought, not the nature nor the motive of the requestor, is what determines the extent of public interest.

4

The public clearly has an interest in scrutinizing the workings of the OFCCP, especially when these workings produce results that seem to be inconsistent with those of a sister federal agency such as the E.E.O.C. This interest, though, cannot be better satisfied with un-redacted questionnaires than with redacted questionnaires. There is, then, no public interest in removing the redactions from the released questionnaires.

While there is little weight on the side of the scales upon which the public policy favoring privacy is perched, the public scrutiny side of the scales is totally devoid of merit and therefore rises in defeat to the privacy interests of the questionees. DOL's use of the 7(C) exemption to withhold information that tends to identify questionees is valid. Because every redaction that relies on a 7(D) exemption also relies on a 7(C) exemption, all exemptions are valid and this court need not review the validity of exempting identifying information under 7(D). Having found that the exemptions cited by DOL are valid, this court will, by separate order and subject to the condition below, grant DOL's motion for summary judgment and deny Pemco's motion for summary judgment.

Pemco has argued alternatively that it should have the identifying information to determine whether any of the named plaintiffs in the suit against it completed a questionnaire by saying, as almost all questionees did, that there are little or

no discrimination problems at Pemco. If a named plaintiff completed a questionnaire, Pemco ought to have it, if only for its impeachment value. To insure that Pemco receives any questionnaires completed by any of the thirty-six named plaintiffs, this court will, by separate order, order DOL to disclose to the court, under seal, original un-redacted copies of the questionnaires. After the close of discovery, this court will review, *in camera*, the names of the questioned and compare it to the list of named plaintiffs. If any named plaintiffs completed questionnaires, the court will release to Pemco the questionnaires completed by named plaintiffs.

DONE this 11th day of December, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE